Herbert KANE, Jerry Krim; Joan Demko; Charles Kurpes; John M. Hasrouni; John Musinsky; Tower Trading LP's; Richard Delman; Jacob Delman, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs—Appellants,

v.

Yehuda ZISAPEL, Defendant,

and

Madge Networks N.V.; Madge N.V.; Madge Networks, Inc.; Robert H. Madge; Marc E. Jones; Kevin R. Evans; Cynthia J. Ringo, Defendants— Appellees.

No. 00–16344.

D.C. No. CV–96–20652–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 27, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM**

The district court properly dismissed the plaintiffs' fifth amended complaint with prejudice. Although we do not address each of the complaint's 105 paragraphs in this disposition, we have reviewed the entire complaint and agree with the district court that it falls short of the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), as interpreted by this circuit in *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir.1999) (*"SGI"*).

■ Plaintiffs' allegations of false statements regarding Madge products, integration with Lannet and the relationship with CISCO are not pled with sufficient specificity. Although the complaint is replete with accusations, there is no information regarding the source of the plaintiffs' allegations or when and how the defendants acquired knowledge about alleged problems that would make their statements false or misleading at the time they were made. *See id.* at 984–85; *Ronconi v. Larkin,* 253 F.3d 423, 432 (9th Cir.2001). Plaintiffs' allegations of accounting fraud suffer the same shortcomings.

■ Nor do the allegations regarding insider stock sales and stock-based mergers indicate the requisite degree of scienter. The percentages of stock sold were not particularly high, and the sales price was well below the stock's $48 high, which undercuts any inference the insiders were maximizing their personal benefit. *Id.* at 435. Furthermore, the complaint does not allege that the insiders had any role in the alleged fraud scheme or personally made any of the allegedly misleading statements, *SGI,* 183 F.3d at 987, and it fails to supply information regarding the prior trading history of these individuals. *Ronconi,* 253 F.3d at 435–36. With respect to the mergers, the plaintiffs' suggestion that defendants were motivated to artificially inflate the company's stock in connection with the purchase of Lannet and Teleos is the very type of "motive and opportunity" pleading the PSLRA was meant to eliminate. *SGI,* 183 F.3d at 988.

■ The district court also properly dismissed plaintiffs' claim for violation of Section 11 of the Securities Act. 15 U.S.C. § 77k(a). As the district court noted, the actual representations in the registration statements were made by Madge to its shareholders and indicated that the board believed the mergers were fair. The plaintiffs did not plead any facts showing

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that the board did not so believe. Furthermore, Madge did not make any representations of fairness to the shareholders of Lannet or Teleos; even if the Madge stock was artificially inflated, this would only have benefitted Madge shareholders in the mergers.

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.